# In the United States Court of Federal Claims

No. 26-1267C

(Filed: September 4, 2026)

| | |
|---|---|
| **ITC DEFENSE CORP.,** | ) |
| *Plaintiff,* | ) |
| **v.** | ) |
| **THE UNITED STATES,** | ) |
| *Defendant.* | ) |

**SCHEDULING ORDER**

On August 31, 2026, Plaintiff, ITC Defense Corp. ("ITC"), filed its complaint against Defendant, the United States — acting by and through the U.S. Army Contracting Command, Aberdeen Proving Ground ("Army"), and the Small Business Administration ("SBA") — pursuant to 28 U.S.C. § 1491(b). ECF No. 1 ("Compl."). As discussed in more detail below, ITC challenges the government's cancellation of a contract award following the SBA's determination that ITC was ineligible for that award due to the size standard applicable to this small business set aside procurement. Compl. ¶ 66. ITC contends the SBA's size determination is arbitrary and capricious and, therefore, so is the termination. Compl. ¶ 67. ITC also filed a motion for a temporary restraining order and preliminary injunction ("TRO/PI"), seeking to preserve the status quo pending the resolution of ITC's case before this Court. ECF No. 3.

On September 3, 2026, this Court held a telephonic preliminary status conference with the parties to discuss: (1) a potential agreement between the parties to avoid TRO/PI proceedings; and (2) a proposed briefing schedule to resolve this case on the merits. ECF No. 16.

During the status conference, ITC agreed to withdraw its TRO/PI motion because the government awarded a bridge contract to the incumbent contractor that will be in place through December 2026, with the possibility of an extension through January 2027.

The effect of the bridge contract is that the status quo is preserved in the event ITC were to prevail in this case and demonstrate that permanent injunctive relief is warranted. Accordingly, the TRO/PI motion is withdrawn and, in any event, would be denied as moot given that the government, considering the bridge contract, has agreed not to proceed with the awarded contract at issue in this dispute.

Turning to the merits of ITC's complaint, this Court will order expedited, abbreviated briefing limited to several discrete issues, for the reasons that follow.

ITC's complaint focuses its fire on three government decisions that, cumulatively, appear to have cost ITC its contract award.

*First*, ITC challenges the dismissal of its size appeal before SBA's Office of Hearings and Appeals ("OHA"). *See* Size Appeal of ITC Defense Corp., SBA No. SIZ-6401 (Aug. 25, 2026) (the "OHA Dismissal"). OHA dismissed ITC's size appeal as untimely pursuant to 13 C.F.R. § 134.304(a). Compl. ¶ 2. ITC alleges that OHA's dismissal of ITC's size appeal is arbitrary, capricious, an abuse of discretion, and contrary to law because:

> (a) it treats a single, inadvertent clerical omission of one email address, on a filing that was otherwise timely served on every required party, including three separate offices within SBA itself, as a fatal jurisdictional bar, and (b) it refuses to exercise the discretion committed to OHA under 13 C.F.R. § 134.207(a) to accept the corrective filing, notwithstanding that OHA had actual knowledge of the appeal within the regulatory period and no party suffered any prejudice.

*Id*. In support of those assertions, ITC primarily relies on the undersigned's decision in *Focus Revision Partners v. United States*, 161 Fed. Cl. 711 (2022), which, ITC contends supports its position and that OHA failed to consider or address.[1] Compl. ¶¶ 50–55.

[1] In *Focus Revision Partners*, the plaintiff had filed an appeal with OHA and was refused leave to amend the appeal to substitute the correct name of the appellant. *See* 161 Fed. Cl. at 730. As explained below, ITC's complaint here nowhere alleges that ITC filed any pleading with OHA before August 12, 2026, days after the deadline to appeal had passed.

*Second*, ITC asks this Court to set aside the underlying SBA size determination, No. SIZ-2026-144 (July 23, 2026) (the "Size Determination"), which the SBA Area Office issued in response to a size protest by disappointed offeror TAQT1, LLC ("TAQT1"). Compl. ¶ 3. ITC contends the underlying size decision is also arbitrary, capricious, or otherwise contrary to law (13 C.F.R. § 121.404(a)). Compl. ¶¶ 3, 57, 64.

*Third*, ITC challenges the Army's August 27, 2026 termination of the contract that the Army had awarded ITC (Contract No. W91CRB-26-D-A012, including Task Order No. W91CRB26FA243). Compl. ¶ 4. ITC asserts that, but for the erroneous or arbitrary size determination and dismissal of ITC's appeal to OHA, the Army could not have terminated its contract and task order awards. Compl. ¶¶ 4, 66–68.

The problem for ITC, however, is that it has all but pled itself out of court.

ITC received the SBA's size determination via email on July 23, 2026, and concedes that the fifteen-day OHA appeal clock period, *see* 13 C.F.R. § 134.304(a), "expired on August 7, 2026." Compl. ¶ 32. ITC promptly prepared an appeal to OHA and served relevant documents on a number of SBA and Army personnel, but ITC's counsel never filed the appeal with OHA by the regulatory deadline. Compl. ¶ 33. Indeed, ITC alleges in its complaint that, "[i]n preparing the service email, counsel for ITC inadvertently omitted one additional SBA email address: OHAFilings@sba.gov, the OHA-specific filing inbox," and characterizes that omission as "a single, discrete, inadvertent administrative error." Compl. ¶ 35. But filing an appeal via that email address appears to be just one of two mandatory and exclusive ways of initiating an appeal. 13 C.F.R. § 134.204(b)(1). In that regard, the complaint does *not* allege that OHA received ITC's Appeal Petition at OHAFilings@sba.gov or at any other address (*i.e.*, either physical or electronic), on or before the August 7, 2026 deadline.

To make matters worse, ITC's complaint reveals that the earliest contact with OHA in this matter — by either ITC or the Army —post-dates ITC's OHA deadline. Thus, for example, the complaint alleges that on August 11, 2026, the Army's contracting officer emailed OHA to inquire about the status of ITC's size appeal. Compl. ¶ 37. ITC alleges that this "confirm[ed] that OHA had actual notice of the appeal before it was docketed." Compl. ¶ 37; *see also id.* ¶ 52 (same). That may be true but that does not demonstrate — at least at this juncture — that an appeal was docketed by the deadline or that OHA was even aware of ITC's (putative) attempted appeal. In fact, ITC's complaint admits that it first filed its size determination appeal directly with OHA on August 12, 2026, "immediately upon discovering the omission of OHAFilings@sba.gov from the July 24,

2026 service list." Compl. ¶ 38. That prompted OHA to issue an order to show cause on August 13, 2026, for ITC to explain why its appeal should not be dismissed on timeliness grounds. Compl. ¶ 39. ITC responded on August 20, 2026, Compl. ¶ 40; and OHA dismissed the appeal as untimely on August 25, 2026, holding that OHA "has no discretion to extend or modify the filing deadline for an appeal," Compl. ¶ 41 (citing 13 C.F.R. §§ 134.202(d)(2)(i)(A), 134.304(c)).

In sum, according to ITC's complaint, ITC's only communications occurring within the fifteen-day appeal period were directed to offices other than OHA, and the sole allegation of OHA's awareness of ITC's appeal — based on the contracting officer's August 11, 2026 email — falls four days ***after*** the August 7, 2026 deadline and one day before ITC's first filing submitted directly to OHA. ITC's own framing is that OHA had notice "before it was docketed," but, critically, *not* before the appeal clock had run and the filing window had closed. Compl. ¶ 37. Plaintiff likewise acknowledges that no "filing" with OHA occurred by the deadline, as required by 13 C.F.R. § 134.204(b)(1), candidly describing ITC's July 24, 2026 email transmittals as effecting "serv[ice]." Compl. ¶ 33; *see id.* ¶ 35 (referring to "the service email" and "the July 24, 2026 service list"); *id.* ¶ 42 (positing that ITC's August 12, 2026 OHA filing should "relat[e] back to the July 24, 2026 service").

ITC's approach to its predicament appears to rest on the proposition that OHA is a component office of the SBA, and that SBA generally had ITC's OHA petition in hand at three separate addresses before the OHA appeal deadline passed. Compl. ¶ 52 (citing 15 U.S.C. § 634(i); 13 C.F.R. § 134.101). This Court is skeptical that serving appellate papers on a variety of SBA or Army officials may constitute an OHA filing, but we look forward to seeing what authority ITC is able to muster for its argument.

In sum, this Court is not unsympathetic to ITC's (and its counsel's) predicament. But there are two elephants in the room that the parties — and ITC, in particular — must confront:

1. Did ITC file a timely appeal to OHA, challenging the applicable size determination? In other words, is there any indication in the record that OHA somehow received ITC's appeal on or before the August 7, 2026 deadline, despite ITC's failure to follow the filing instructions in 13 C.F.R. § 134.204(b)(1)? In answering these questions, the parties shall address the distinction, if any, that 13 C.F.R. § 134.204 draws between "filing" with OHA

and "service" on various parties, and the consequences of that distinction pursuant to 13 C.F.R. § 134.304.

2. Even if ITC's appeal to OHA was untimely, may this Court nevertheless decide whether the SBA's underlying size determination and the Army's resulting contract termination are arbitrary, capricious, or otherwise contrary to law? In answering that question, the parties shall address:

    a. Whether a timely OHA appeal and decision is a prerequisite to this Court's jurisdiction to review an SBA area office's size determination, and what relevance, if any, 13 C.F.R. §§ 121.1009(g)(2)(iii) and 134.316(d) have to that question;

    b. Federal Circuit precedent, including: *Harmonia Holdings Grp., LLC v. United States*, 999 F.3d 1397, 1402 (Fed. Cir. 2021) (recognizing that "a disappointed bidder must generally exhaust its administrative remedies at the SBA before seeking judicial review of a size protest," and quoting 13 C.F.R. § 121.1101(a): "[t]he OHA appeal is an administrative remedy that must be exhausted before judicial review of a formal size determination may be sought in a court"); *22nd Century Techs., Inc. v. United States*, 57 F.4th 993, 998 (Fed. Cir. 2023) (same); and *Palladian Partners, Inc. v. United States*, 783 F.3d 1243, 1255, 1261 (Fed. Cir. 2015) (holding that "[t]he OHA appeal is an administrative remedy that must be exhausted before judicial review of a NAICS code designation may be sought in a court," 13 C.F.R. § 121.1102, and that the offeror's "failure to participate in the pending OHA appeal was a failure to exhaust its administrative remedies").

    c. Whether, even if this Court could set aside the OHA's dismissal of ITC's appeal, this Court may reach the termination issue or must remand the matter back to OHA for a decision on the size determination in the first instance; and

    d. Whether the Army's termination decision is reviewable pursuant to 28 U.S.C. § 1491(b)(1), independent of the challenged SBA decisions.

Accordingly, on or before **September 21, 2026**, Defendant shall file a motion to dismiss and/or a motion for judgment on the administrative record ("MJAR") addressing

the above questions, together with a limited administrative record focused on when and how OHA first learned that ITC attempted to appeal the SBA's size determination. The administrative record shall include at a minimum: any transmittals (by any medium) to OHA regarding ITC's matter or this case, including any internal SBA referral or routing of ITC's July 24, 2026 appeal petition; all docketing and intake records in the Size Appeal of ITC Defense Corp., SBA No. SIZ-6401; the contracting officer's August 11, 2026 email to OHA referenced in the complaint (assuming such an email exists), *see* Compl. ¶ 37; and any response to that email, related correspondence, as well as any other relevant communications between OHA and other SBA offices, the Army, ITC, or TAQT1 concerning ITC's appeal or intended appeal during the period of July 23, 2026, through August 12, 2026.

ITC shall file its response to the government's motion and/or its cross-MJAR on or before **October 5, 2026**.

Both parties' filings in response to this order shall not exceed 20 pages, double-spaced, 12 pt., Times New Roman font. Neither party shall file any further response or reply brief unless and until ordered by this Court. Oral argument may be scheduled following the completion of this briefing schedule.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge